UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lynette Antrobus, Individually
c/o John Mulvey, Esq.
2306 Park Ave., Suite 104
Cincinnati, OH 45202

and

A. V.
A minor, by and through his
natural guardian, mother, and next friend,
Lynette Antrobus
c/o John Mulvey, Esq.
2306 Park Ave., Suite 104
Cincinnati, OH 45202

       Plaintiffs,

  vs.

Apple Computer Inc.
Serve: CT Corporation System,
       Statutory Agent
       1300 East Ninth St.
       Cleveland, OH 44114

  and

John Does (1-10) "Names Unknown"
*Unknown Agents, Employees,*
*Associations and or*
*Independent Contractors of Defendants*

       Defendants, jointly
       and severally.

CASE NO: 1:09-cv-170

J. Beckwith    J. Black

<u>COMPLAINT FOR DAMAGES</u>
<u>WITH JURY DEMAND</u>

    Comes now Plaintiffs, by and through their undersigned counsel, and hereby

sue Defendants, jointly and severally, stating as follows:

1

## FACTS COMMON TO ALL COUNTS

## COUNT ONE

## JURISDICTION AND VENUE

1. Based upon Plaintiffs' information and at all times relevant hereto, Defendant Apple Computer Inc., was and is doing business under the registered name of Apple Computer Inc. and further doing business under the name of "Apple Store" at the Kenwood Town Centre, in Hamilton County, Ohio, was and is a foreign corporation incorporated in the state of California and was and is authorized to design, manufacture, sell, and service consumer products and perform covered repairs related to said products in the State of Ohio to consumers, including but not limited to Plaintiff Lynette Antrobus and Plaintiff A. V. (hereinafter referred to collectively as "Plaintiffs" except where an allegation is particular to one Plaintiff.)

2. At all times relevant hereto, Defendant Apple Computer owned, operated, managed, maintained, possessed and/or otherwise controlled a store known as "Apple Store" located in Hamilton County, Ohio.

3. At all times relevant hereto, Defendant Apple Computer distributed, sold, supplied, manufactured, designed, and otherwise processed Apple products which were distributed, sold, and used by consumers and/or citizens in Hamilton County, Ohio.

4. At all times relevant hereto, each Defendant named in this Complaint was and is engaged in the conduct of business in Hamilton County, Ohio.

5. At all times relevant hereto, Plaintiffs were consumers of consumer goods and services in connection with the purchase from Defendant Apple Computer Inc. of a certain Apple iTouch 16 GB, Model/Part No: MB53LL/A, Serial Number

1A841VEB203 (hereinafter "Apple iTouch"), together with a warranty valid through November 16, 2009, also provided by Defendant Apple Computer, Inc. to Plaintiffs.

6. At all times relevant hereto, Plaintiff A. V., was the minor son of Plaintiff Antrobus, and both Plaintiffs were consumers of goods and services in connection with the purchase from Defendant Apple Computer Inc. of the Apple iTouch purchased from Defendant Apple Computer Inc. by Plaintiffs.

7. The true names of John Doe 1 through John Doe 10, and their capacities, whether individual or corporate, are unknown to Plaintiffs. John Doe 1 through John Doe 10, at all times relevant to this action, were employees, agents, partners, associations, subsidiaries, suppliers, consultants, designers and/or independent contractors of the defendants, or were entities that were joined with the defendants or engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product used to construct and provide power to the Apple iTouch at issue herein.

8. Jurisdiction in this Court is established by diversity of citizenship and damages in excess of $75,000 pursuant to 28 U.S.C. § 1332 by virtue of the fact that at all times relevant hereto Plaintiffs were and continue to be residents of and citizens of the Commonwealth of Kentucky, Defendant Apple Computer was and continues to be a resident of and citizen of and to have its principal place of business in the State of California and the underlying consumer transaction and purchase took place in Hamilton County, Ohio.

9.      Venue is established in this District under 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to this claim occurred in the District; to wit, the establishment of a contract between Plaintiffs, and Defendant Apple Computer Inc., the defendants' breaches of contract, breaches of warranties, express and implied, and the defendants' negligence pertaining to the sale, construction, design and operation of the subject Apple iTouch, on or about November 17, 2008.  A copy of the sales receipt provided by Defendant Apple Computer Inc. pertinent to the aforementioned purchase by Plaintiffs is attached hereto and marked Exhibit 1.

10.     Plaintiffs believe, and based thereon allege, that each Defendant, jointly and severally, in some manner acted intentionally, maliciously, willfully, wantonly, recklessly, and were otherwise grossly negligent and acted with conscious disregard and/or malice as well as negligently, and, therefore, are legally responsible for the damages arising out of the events and happenings alleged in this Complaint suffered by Plaintiffs for their below-described injuries, losses, and damages.

11.     In this product liability action, the sale of the defectively designed and manufactured product as described herein occurred in Hamilton County, Ohio and the injury to Plaintiffs occurred in Kenton County, Kentucky and therefore both personal jurisdiction and venue are proper in this court.

12.     On December 4, 2008, Plaintiff A. V., a minor, was attending school in the Commonwealth of Kentucky.

13.     On said date and at said time, Plaintiff A. V. was sitting at his desk with his Apple iTouch in the off position in his pant's pocket.

14.     On said date and at said time, Plaintiff A. V. heard a loud pop and immediately felt a burning sensation on his leg.

15.     On said date and at said time, Plaintiff A. V. immediately stood up and realized his Apple iTouch had exploded and caught on fire in his pocket.

16.     On said date and at said time, Plaintiff A. V. immediately ran to the bathroom and took off his burning pants with the assistance of a friend.

17.     On said date and at said time, the Apple iTouch had burned through Plaintiff A. V.'s pants pocket and melted through his Nylon/Spandex underwear, burning his leg.

18.     The said Apple iTouch was purchased on November 17, 2008, from Defendant Apple Computer, Inc.'s retail establishment at the Apple Store, located in the Kenwood Towne Centre, 7875 Montgomery Road, Cincinnati, Hamilton County, Ohio.

19.     When Plaintiff A. V. was burned, his mother, Plaintiff Lynette Antrobus was called to the school to pick him up.

20.     Upon picking Plaintiff A.V. up at school, Plaintiff Lynette Antrobus took Plaintiff A. V. to the doctor for medical attention.

21.     As a direct and proximate result of the explosion and resulting fire of the subject Apple iTouch, Plaintiff A. V. received second degree burns to his leg and was otherwise caused pain and suffering, resulting in serious injuries to Plaintiff A. V., including but not limited to the second degree burns to his leg and the incurring medical and hospital expenses in an amount in excess of $15.00.  He continues to suffer from both physical and mental conditions which will cause him to suffer pain, mental distress, emotional distress, and otherwise for the rest of his life.  In addition Plaintiffs lost the value of Plaintiff A.V.'s clothing and the Apple iTouch in an amount in excess of $400.00, all to Plaintiffs' loss.

22.     As a direct and proximate result of the aforesaid injuries to Plaintiff A. V., Plaintiff Lynette Antrobus incurred the obligation of her minor son's medical and

hospital expenses in an amount in excess of $15.00 and has lost the services of her minor son.

23. At all times relevant hereto, the employees of Defendant Apple Computer Inc. was engaged in the business of recommending and advising business invitees, customers and/or patrons as to the Apple products, including the subject Apple iTouch, to purchase.

24. At some time prior to December 4, 2008, the date the Apple iTouch which Plaintiff A. V. had in his pocket unexpectedly exploded, Defendant Apple Computer Inc. sold the subject Apple iTouch to Plaintiffs, which based upon information and belief was manufactured by the Defendant Apple Computer, Inc.

25. At no point in time were Plaintiffs, warned of any potential risk that the subject Apple iTouch would fail or that there was a risk of serious bodily injury associated with an Apple iTouch.

26. At all times relevant hereto, Defendants, jointly and severally, represented, either expressly or impliedly, that the subject Apple iTouch was safe and suitable for the intended purpose; that is, to use for entertainment and to carry it close to the body in a pants pocket, shirt pocket, or in another pocket, around the neck or hand held. As a direct and proximate result of the wrongful acts or failures to act on the part of Defendants, jointly and severally, Plaintiff A. V. suffered the aforesaid severe injuries which are permanent as referred to above.

27. As a direct and proximate result of the injuries sustained by Plaintiff A.V. on December 4, 2008, Plaintiffs have suffered and will continue to suffer for the rest of Plaintiffs' respective lives emotional distress and other losses and damages; all to their damage.

28. As the owner, operator, maintainer, possessor and/or retailer, Defendant Apple Computer, Inc., at its Apple Store, had a duty to exercise reasonable and due care in the sale of the Apple iTouch it offered to its business invitees, customers,

and/or patrons so that the subject Apple iTouch would not be dangerous to life or limb of the public, including Plaintiff A. V. and all other persons.

29. Defendant Apple Computer, Inc. by their duly authorized agents, servants, and/or employees breached the aforementioned duty of care.

30. Defendants Apple Computer, Inc., and John Doe 1-10 by their duly authorized agents, servants and/or employees, breached their duty of care by committing one or more of the following careless and negligent acts and/or omissions:

      a)      The employee of Defendant Apple Computer, Inc. at the Apple Store who sold the subject Apple iTouch to Plaintiffs, represented to Plaintiff A. V.'s mother, Plaintiff Lynette Antrobus, that the subject Apple iTouch was designed for personal use as a portable device to carry upon ones person;

      b)      The employee or agent of Defendant Apple Computer, Inc. negligently failed to inform Plaintiffs, that the Apple iTouch would need to be inspected for defects;

      c)      Defendants Apple Computer, Inc. and/or John Doe 1-10 failed and neglected to properly inspect and/or test the subject Apple iTouch and its component parts prior to selling it to Plaintiffs;

      d)      Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 failed to provide Plaintiffs with any instruction sheets or warnings, to assure that the Apple iTouch was safe to use by Plaintiffs;

      e)      Defendant Apple Computer, Inc. failed and neglected to properly train its duly authorized agents, servants and/or employees on the sale of the subject Apple iTouch to business invitees, customers, and/or patrons like Plaintiffs so as to prevent injury to the customers or third parties like Plaintiffs using the Apple iTouch sold, including but not limited to the subject Apple iTouch;

      f)      Defendants were negligent in the selection of its suppliers, or other

subcontractors, and failed to adequately supervise them, or provide them with adequate standards, in writing, and as a result, purchased and used products that were unfit and unsafe for their intended use in connection with the Apple iTouch ; and

      g)      Defendant Apple Computer, Inc. otherwise failed and neglected to protect their business invitees, customers, and/or patrons like Plaintiffs from a sudden and unexpected failure of its Apple iTouch, including but not limited to the subject Apple iTouch, that was capable of causing severe, serious, and permanent injury and harm to their business invitees, customers, and/or patrons like Plaintiffs.

31.     As a direct and proximate result of Defendant Apple Computer, Inc. and/ John Doe 1-10's wrongful acts or omissions, negligence, gross negligence, recklessness, wanton and willful disregard for the safety of their business invitees, customers, and/or patrons like Plaintiffs as described above, Plaintiff A. V. has, in addition to the losses and damages aforedescribed, experienced pain, suffering, scarring, disability, mental anguish, loss of enjoyment of the usual activities of daily life, and a loss of income and the ability to earn income in the future permanently for the rest of his life.

COUNT TWO

32.     Plaintiffs hereby reallege and restate all of the above allegations set forth in paragraphs 1 through 31, inclusive, as if same were set forth herein.

33.     At all times relevant hereto, Defendant Apple Computer, Inc. and Defendants John Doe 1-10 were suppliers and/or distributors of the Apple iTouch, including the subject Apple iTouch and its component parts, for use as a personal electronic device primarily for use by consumers.

34.     At all times relevant hereto, Defendant Apple Computer, Inc. supplied, sold or otherwise conveyed and distributed Apple iTouch to Plaintiffs, at Defendant

Apple Computer, Inc.'s Apple Store that was purchased by Plaintiffs at some time prior to the date of it exploding in Plaintiff A.V.'s pants pocket on December 4, 2008.

35. Defendant Apple Computer, Inc. expressly and/or impliedly invited customers, patrons and/or business invitees like Plaintiffs to purchase said Apple iTouch for the use primarily by consumers.

36. When the subject Apple iTouch left the control of Defendant Apple Computer, Inc.'s Apple Store, the foreseeable risks associated with its design or formulation exceeded the benefits associated with its design or formulation of said product.

37. When the subject Apple iTouch left the control of Defendant Apple Computer, Inc., it was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

38. Defendant Apple Computer, Inc. and Defendants John Doe 1-10 negligently, recklessly, willfully, wantonly, and with gross negligence supplied, sold, prepared and distributed the subject Apple iTouch and its component parts referenced herein, for sale and/or distribution to Plaintiffs.

39. Defendant Apple Computer, Inc. and Defendant John Doe 1-10 knew or reasonably should have known that such defectively manufactured product could and/or would cause injuries similar to those suffered by Plaintiff A. V.

40. Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 failed to warn Plaintiff A. V. and/or his mother of these risks at any time prior to December 4, 2008.

41. When the subject Apple iTouch left the control of Defendant Apple Computer, Inc., it was expressly and impliedly warranted to be free of all defects in design or manufacture by Defendants Apple Computer, Inc., and John Doe 1-10.

42. Defendant Apple Computer, Inc. and Defendant John Doe 1-10 defectively designed the subject product and its component parts.

43. As a result of the aforesaid wrongful acts and/or omissions of Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10, Plaintiffs suffered losses and damages as described above.

COUNT THREE

44. Plaintiffs hereby reallege and restate all of the above allegations set forth in paragraphs 1 through 43, inclusive, as if same were set forth herein.

45. At all times relevant hereto, Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 were manufacturers of the Apple iTouch, including the subject iTouch, and its component parts for use as personal electronic devices primarily by consumers.

46. At all times relevant hereto, Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 sold or otherwise conveyed and distributed such Apple iTouch devices and their component parts that was purchased by Plaintiffs at some time prior to the date of its explosion on December 4, 2008.

47. Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 knew, or had reason to know, that Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 expressly and/or impliedly invited customers, patrons and/or business invitees like Plaintiffs to purchase said Apple iTouch for use primarily by consumers.

48. When the subject Apple iTouch and its component parts left the control of Defendant Apple Computer, Inc., the foreseeable risks associated with its design or formulation exceeded the benefits associated with its design or formulation of said product.

49. When the subject Apple iTouch left the control of Defendant Apple Computer, Inc., it was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

50. Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 negligently, recklessly, willfully, wantonly, and with gross negligence manufactured

and prepared and distributed the subject Apple iTouch referenced herein for sale and/or distribution to Plaintiffs.

51. Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 knew or reasonably should have known that such defectively manufactured product could and/or would cause injuries similar to those suffered by Plaintiff A. V.

52. Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 failed to warn Plaintiffs of these risks at any time prior to December 4, 2008.

53. When the subject Apple iTouch left the control of Defendant Apple Computer, Inc., it was expressly and impliedly warranted to be free of all defects in design or manufacture.

54. Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10 defectively designed the subject product and its component parts.

55. As a result of the aforesaid wrongful acts and/or omissions of Defendant Apple Computer, Inc. and/or Defendant John Doe 1-10, Plaintiffs suffered losses and damages as described above.

## COUNT FOUR

56. Plaintiffs hereby reallege and restate all of the above allegations set forth in paragraphs 1 through 55, inclusive, as if same were set forth herein.

57. That as a direct and proximate result of Defendants' failure to warn Plaintiff A. V. and/or his mother of the dangerous condition of the subject Apple iTouch and their breaches of said Defendants' duties, jointly and severally, defined by Sections 388 and 390 of the Restatement Second of Torts, Plaintiffs, individually and collectively, received the injuries and damages described herein above for all of which said Defendants, jointly and severally, are liable.

## COUNT FIVE

58. Plaintiffs hereby reallege and restate all of the above allegations set forth in paragraphs 1 through 57, inclusive, as if same were set forth herein.

59. Defendants, jointly and severally, are strictly liable to Plaintiffs for the injuries, losses, and damages they suffered as a direct result of the injuries sustained by Plaintiff A. V. when he was severely burned as a result of the failure of the subject Apple iTouch.

## COUNT SIX

60. Plaintiffs hereby reallege and restate all of the above allegations set forth in paragraphs 1 through 59, inclusive, as if same were set forth herein.

61. Defendants, jointly and severally, warranted to the general public, including but not limited to Plaintiffs as the intended users of the subject Apple iTouch, either expressly or impliedly, that its Apple iTouch devices were suitable and safe for the intended use in the consumer environment in which it was used.

62. Said Apple iTouch was not suitable and safe for the intended use in that in the course of its normal and intended use it suddenly and without warning exploded causing severe and serious and permanent injuries to Plaintiff A. V.; all to Plaintiffs' damages as alleged herein.

63. As a result of the above-described wrongful acts and/or omissions, Defendants, jointly and severally, breached their express and/or implied warranties to Plaintiffs which breaches proximately caused all of Plaintiffs' injuries, losses, and damages as are more fully described above.

## COUNT SEVEN

64. Plaintiffs hereby reallege and restate all of the above allegations set forth in paragraphs 1 through 63, inclusive, as if same were set forth herein.

65. Defendants, jointly and severally, acted and otherwise conducted themselves as alleged herein maliciously, fraudulently, oppressively, with a conscious disregard and/or malice for Plaintiffs' rights, and acted with an improper motive amounting to malice for which an award of punitive damages in an amount in excess of three times the amount of compensatory damages Plaintiffs were caused to suffer by said wrongful and illegal conduct by Defendants, jointly and severally; all to be

determined at trial. Defendants acted with actual malice and committed intentional, reckless, wanton, willful and gross acts which caused injury to Plaintiffs and their property.

WHEREFORE, Plaintiffs A. V. and his mother, Plaintiff Lynette Antrobus, demand judgment against Defendants, jointly and severally, for their compensatory damages in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), punitive damages in an amount to be determined at trial, but in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), the costs of this litigation, their attorney fees, prejudgment and post-judgment interest, special damages in an amount in excess of Seventy Five Thousand and 00/100 Dollars ($75,000.00), that the court award plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and any and all other relief to which they may be entitled.

Respectfully submitted,

/s/ John Mulvey
John Mulvey #(0063444)
Attorney for Plaintiffs
2306 Park Avenue
Cincinnati, Ohio 45206
(513) 721-2220 - Telephone
(513) 721-5109 - Fax
Email:jmulvey@cincylawyers.com

/s/ Michael B. Ganson
Michael B. Ganson #0015944
Michael B. Ganson Co., L.P.A.
Attorney for Plaintiffs
2306 Park Avenue
Cincinnati, Ohio 45206
(513) 721-2220 - Telephone
(513) 721-5109 - Fax
Email:Gansonlawoffice@aol.com

JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues triable thereto in the above-styled action.

/s/ John Mulvey
John Mulvey #0063444
Attorney for Plaintiffs

/s/ Michael B. Ganson
Michael B. Ganson #0015944
Attorney for Plaintiffs